UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANE WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00574-JPH-MPB ) |
| MATT MYERS, | ) ) |
| Defendant. | ) ) |

**Order Denying Motion for Leave to Proceed *In Forma Pauperis*, Screening and Dismissing Complaint, and Directing Plaintiff to File an Amended Complaint**

Plaintiff Shane Wilson is a convicted offender incarcerated in the Bartholomew County Jail in Columbus, Indiana. Proceeding *pro se*, he filed this 42 U.S.C. § 1983 action on February 20, 2020. The Court makes the following rulings.

### I. *In forma pauperis*

Mr. Wilson's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** as submitted because it does not contain the information necessary for a determination of *in forma pauperis* status. Mr. Wilson shall have through **March 30, 2020**, in which to pay the $400 filing fee to the clerk of the district court, or to file a motion for leave to proceed without full prepayment of the filing fee on a form furnished by the Court and documented with a statement of financial transactions from his inmate trust account for the six-month period preceding the filing of this action. 28 U.S.C. § 1915(a)(2).

### II. Screening Standard

Because Mr. Wilson is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. The Complaint

Mr. Wilson names one defendant, Matt Myers, the Sheriff of Bartholomew County. Mr. Wilson alleges that the conditions of his confinement violate the Eighth Amendment because he has been exposed to black mold in his shower and on the ceiling of his cell. He asserts that Sheriff Myers is liable because, as head administrator and final policy maker, he is responsible for the conditions of the jail.

Mr. Wilson's claimed injury is "loss of liberty and emotional distress." Dkt. 1 at 2. He seeks compensatory damages in the amount of $50,000.

## IV. Discussion

As presented, Mr. Wilson's complaint contains only bare legal conclusions and lacks sufficient facts to state a plausible claim for relief. "A jail's conditions violate the Eighth Amendment when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where [jail] officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett,* 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted).

The only theory of liability against Sheriff Myers is that he is the head administrator and policy maker of the jail. But "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (citations omitted). "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Wilson has not alleged any personal actions or inactions taken by Sheriff Myers concerning the alleged black mold, has not alleged that Sheriff Myers personally knew of the black mold and refused to remedy the situation, or that Sheriff Myers implemented a policy to keep, and not remove, black mold.

Further, Mr. Wilson's "loss of liberty" is due to his status as a convicted offender, and thus is not an injury under a conditions of confinement claim. Mr. Wilson does not allege any physical injury due to the exposure to black mold. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail,

3

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016) ("[a]lthough § 1997e(e) would bar recovery of compensatory damages for mental and emotional injuries suffered, the [PLRA] is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself") (citation and quotation omitted). Pursuant to the PLRA, the claim for compensatory damages cannot proceed without a physical injury, and Mr. Wilson makes no claim for punitive damages.

Because Mr. Wilson's complaint contains no plausible claim for relief, it is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A.

## V. Opportunity to Amend Complaint

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Wilson shall have through **March 30, 2020**, in which to file an amended complaint.

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. Wilson shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry, 1:20-cv-00574-JPH-MPB. Further, the amended complaint must have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice.

**VI. Conclusion**

Mr. Wilson's complaint is **dismissed** for failure to state a claim upon which relief can be granted. The motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** as submitted without prejudice. The filing fee shall be paid or a properly documented motion for leave to proceed *in forma pauperis* shall be filed, and an amended complaint also filed, no later than **March 30, 2020**.

The **clerk is directed** to send Mr. Wilson a form motion for seeking leave to proceed without full prepayment of the filing fee and a prisoner complaint form with his copy of this Order.

**SO ORDERED**.

Date: 3/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHANE WILSON
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201